ADAM HERMANN, Appellant, *v.* WILLIAM E. PASSMORE, MAY E. PASSMORE, ELLEN E. HOTALING and HENRY J. HUMBURCH, Respondents.

*Pleading — enforcement of a parol contract to give a mortgage — failure of the complaint to state a consideration.*

The complaint in an action brought to compel the performance of a parol contract for the execution and delivery of a mortgage fails to state a cause of action when it, in effect, alleges as the sole consideration for the contract the payment by the plaintiff, to the bank by which it had been discounted, of his own promissory note, which had been indorsed by the defendants, but which had been given for the plaintiff's benefit and not for any debt or obligation owing to him from the defendants, and of which he had received the avails, and for the payment of which it appeared that the defendants were under no legal obligation to reimburse the plaintiff.

APPEAL by the plaintiff, Adam Hermann, from a judgment of the Supreme Court, entered in the office of the clerk of Erie county on the 20th day of May, 1893, dismissing his complaint, with costs, upon a decision of the court rendered after a trial at the Erie Special Term.

The action was brought to compel the performance of a parol contract made by the defendants, William E. and May E. Passmore, with the plaintiff.

The complaint alleges that the defendant William E. Passmore was indebted to the plaintiff in December, 1891, in the sum of $500; that May E. Passmore, wife of William E., to secure said indebtedness, executed a mortgage to the plaintiff on her premises, and that thereafter the Passmores, desiring to use the mortgaged property as collateral security to their note for $1,000 at a bank, requested the plaintiff to discharge the mortgage given by Mrs. Passmore, and the parties thereupon agreed that the plaintiff should release and discharge the $500 mortgage, and that the defendants would execute to the bank a mortgage on Mrs. Passmore's premises for $1,000, which was to be used at the bank as collateral security for money to be borrowed by the Passmores, and also as collateral to a promissory note the plaintiff wished to give for $385, which he expected to get discounted at the bank.

And then follow allegations to the effect that the indebtedness of

William E. Passmore to the plaintiff having thereafter increased $100, that it was agreed that the plaintiff would give his promissory note for $600, the payment of which the defendants Passmore would guarantee, and which was to be discounted at the Queen City Bank in Buffalo, and the plaintiff was to assign to the bank a mortgage he owned upon real estate for the sum of $1,000 as collateral to his said note of $600; that he discharged the $500 mortgage given by Mrs. Passmore, made his own note for the $385, which was indorsed by the Passmores and discounted by the bank, the plaintiff having the avails of the discount, and that he gave his own note for $600, which was for value received guaranteed by the Passmores, and which he procured to be discounted; that the Passmores agreed to pay the $600 note; that they failed and neglected to pay said note, and that the plaintiff was compelled to pay and take it up; that the Passmores neglected to pay the $385 note at its maturity or any part of it, and that thereupon another agreement was entered into to the effect that the plaintiff should pay and take up the $385 note; that the Passmores should, in consideration thereof, execute and deliver to the plaintiff their bond for the sum of $600, which should be secured by a mortgage for that sum executed by the defendant May E. Passmore on premises then owned by her; that the bond and mortgage were executed ready to be delivered to the plaintiff, and that thereupon the plaintiff paid and took up the $385 note, but that the Passmores refused and neglected to deliver the bond and mortgage, and that thereafter, with intent to cheat and defraud the plaintiff, Mrs. Passmore conveyed the premises covered by the mortgage to the defendant Ellen E. Hotaling, she giving back to Mrs. Passmore a mortgage for $800, part of the purchase price, which Mrs. Passmore fraudulently assigned to the defendant Henry J. Humburch.

The plaintiff prayed for judgment adjudging and decreeing that the defendants Passmore deliver over to the plaintiff the bond and mortgage for $600, and that the same should become a lien upon the premises prior to the conveyance to Mrs. Hotaling, and the mortgage held by Mr. Humburch.

At the trial the plaintiff read his complaint and thereupon admitted that the note for $385, indorsed by the defendants Passmore, and used at the bank as stated in the complaint, was not

given for any debt or demand owing by William E. Passmore or May E. Passmore to the plaintiff.

Thereupon the plaintiff's complaint was dismissed upon the ground it did not state a cause of action.

The plaintiff duly excepted.

*Frank R. Perkins,* for the appellant.

*Hugh C. Sells,* for the respondents.

LEWIS, J.:

We are not able to see that the Passmores were under any legal obligation to reimburse the plaintiff for the money he paid to the bank to take up his own note given for his own benefit. Concededly it was given for his own benefit and not for any debt or obligation the Passmores or either of them owed him.

The plaintiff, it is true, had discharged and surrendered a bond and mortgage he held upon Mrs. Passmore's property for the sum of $500, and they had thereafter promised to give to the plaintiff a bond and mortgage for $600.

The alleged consideration, however, for the promise, as stated in the complaint, was the plaintiff's paying his own note of $385.

In view of the accommodation extended to the defendants Passmore by the plaintiff in discharging the $500 mortgage, he might very well have expected that they would extend to him in return the agreed accommodation. The plaintiff, however, does not seem to have any legal claim upon the defendants which the courts can enforce.

The contract which the plaintiff claims the defendants failed to perform, and upon which he relies for his cause of action, has to do only with the $385 note.

Reference is made in the complaint to another note of $600, but the allegations of the complaint in regard to the giving of the bond and mortgage for the sum of $600 have no apparent reference to the $600 indebtedness.

The complaint shows that the plaintiff has a demand against the defendant William E. Passmore for the sum of $600, but he had no interest in the real estate in question, and if he had plaintiff is not in a position to attack the conveyance to the defendant Hotal-

ing, or the assignment of the $800 mortgage to Humburch, as his demand against William E. Passmore is not in judgment.

The court, at Special Term, correctly held that the plaintiff had failed to state a cause of action in his complaint.

The judgment appealed from should be affirmed, with costs.

DWIGHT, P. J., and HAIGHT, J., concurred.

Judgment appealed from affirmed, with costs.